JOHN KRODER & HENRY REUBEL CO. v. AMERICAN PIN CO.

(District Court, D. Connecticut.  December 26, 1912.)

No. 1,344.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT.

The Stevenson patent, No. 572,778, for a pole socket construed, and *held* not infringed.

In Equity.  Suit by the John Kroder & Henry Reubel Company against the American Pin Company for infringement of letters patent No. 572,778 for a pole socket, granted to John H. Stevenson December 8, 1896.  On final hearing.  Decree for defendant.

George Cook, of New York City, for complainant.

Oscar W. Jeffery, of New York City, for defendant.

MARTIN, District Judge.  This is an action for infringement of letters patent No. 572,778, issued under date of December 8, 1896. Prayer for an injunction and an accounting, but at the hearing plaintiff's attorney stated that no accounting was claimed.  The complaint fully describes the patent, and the answer denies infringement and alleges prior art.  No question is made but what the letters patent were issued and transferred to the plaintiff according to law.

An examination of the proceedings in the Patent Office and of the letters patent impresses me that the only novelty in the complainant's patent is the adjustment of the "lugs" or "ears."  They stand out from the main socket just enough to protect the woodwork from injury by the use of the pole in the springing of the segment of the circle, or in adjusting or removing the pole.  Everything else about this device is in my opinion covered by the prior art, and is not the product of genius or anything beyond mechanical skill.  The patent thus limited was not seriously questioned by the defendant at the hearing, if questioned at all.  It appears there has been no manufacture or use of the complainant's patent, hence the patent should be strictly construed. To hold a party guilty of infringement, it should appear that the particular adjustment of the "lugs" or "ears" of the complainant's patent has been infringed.  The most that is claimed as to the defendant's infringement is that the formation of the cup that the defendant attaches to a plate of brass in the articles he manufactures, when flattened out, is substantially of the same shape as the complainant's design; but the cup that is used by the defendant has but one "lug" or "ear," which is riveted to said plate, and is so small that it cannot be used for any of the purposes designated in the complainant's patent.  It is not attached to the window casing at all by the use of "lugs" or "ears."  It has no "lugs" standing out from the rear of the socket and does not protect the paint from injury or the wood from wear by the use of "lugs," nor is it at all adapted to a warping pole or any of the uses set forth in the complainant's patent.

In my opinion, the articles manufactured by the defendant do not infringe.

Let the petition be dismissed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes